UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 3:17-cr-30028-IT |
| CARLOS MARES, JR., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

March 7, 2025

TALWANI, D.J.

On February 24, 2020, the court sentenced Defendant Carlos Mares, Jr., to 37 months of imprisonment followed by a 6-year term of supervised release. See Judgment [Doc. No. 114]. On January 23, 2025, Defendant filed pro se a Request for Early Termination of Supervised Release [Doc. No. 121], which the court construes as an 18 U.S.C. § 3583(e)(1) motion to terminate a term of supervised release.

Mares states that, since the completion of his prison sentence, he has complied with all conditions of his supervised release, his housing and employment remain consistent and stable, and he was recently promoted at his job in March 2023. See id. at 1; id., Ex. 1 [Doc. No 121-1]. These facts have been confirmed by the U.S. Probation Office. See Gov't Opp., Ex. A at 2 (Probation Mem.) [Doc. No 125-1]. Mares requests early termination on the grounds that it "is no longer necessary to achieve the goals of rehabilitation and reintegration into society." Def.'s Request at 1 [Doc. No. 121]. The U.S. Probation Office opposes because this is Defendant's second federal conviction related to the distribution of illegal substances and because he has previously been charged with Assault and Battery, Assault by Dangerous Weapon, and Threatening to Commit a Crime. See Gov't Opp., Ex. A at 2 [Doc. No. 125-1]. The government

also opposes, noting that Defendant is a career offender with a criminal history that includes serious offenses related to the sale of narcotics and violence. See Gov't Opp. at 1 [Doc. No. 125].

The court recognizes the Defendant's positive adjustment and ongoing compliance. However, a motion brought pursuant to 18 U.S.C. § 3583(e) requires the court to consider most of the factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to afford adequate deterrence to criminal conduct[.]" 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).[1] In light of Defendant's significant prior criminal history, including convictions related to the distribution of illegal substances, and the lack of any particular hardships associated with the terms of his supervised release, the court finds continued supervision warranted.

Accordingly, to ensure Defendant's continued success and positive adjustment, his Request for Early Termination of Supervised Release [Doc. No. 121] is DENIED.

IT IS SO ORDERED.

March 7, 2025                                 /s/ Indira Talwani
                                              United States District Judge

---

[1] The court does not consider on a request for early termination of supervised release "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A).